UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON RABOLD and | : | |
| DEBRA RABOLD, | : | CIVIL No. 3:15-CV-2435 |
| | : | |
| Petitioners | : | (Judge Conaboy) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| JUDGE PATTI-WORTHINGTON, | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

This matter involves several *pro se* pleadings lodged by the clerk and referred to the undersigned. The pleadings purported to have been issued by something called "the Unified United States Common Law Grand Jury," and were cast in the nature of writs of mandamus, coram nobis and habeas corpus, directing a federal judge to conduct proceedings relating to a state inmate, Aaron Rabold, and release Rabold.

Our review of these pleadings revealed them to be legal nullities on several scores. First, to the extent that the documents purported to be issued by something called the "Unified United States Common Law Grand Jury," we were constrained to note that no such entity exists in our legal system. While the grand jury is an institution enshrined in the Fifth Amendment to the United States Constitution, U.S.

Const. Amend V, the composition, function and activities of the grand jury are exclusively defined by statute and rule. See e.g., Rule 6, Federal R. Crim., Pro., 28 U.S.C. §1861 *et seq*. Simply put, these is no "common law" federal grand jury, and the entity described in these documents, the "Unified United States Common Law Grand Jury," exists only in the minds of the authors of these pleadings. Therefore, since the "Unified United States Common Law Grand Jury" is a legal nullity the clerk should take no action upon writs that purport to be issued by this entity.

These pleadings were misguided in another basic respect. They misconstrue the purpose and function of the grand jury. The role of the grand jury in our legal system is to determine whether probable cause exists to charge a person with a criminal offense. Grand juries do not adjudicate post-conviction relief petitions. Therefore, to the extent that "the Unified United States Common Law Grand Jury," seeks to issue writs of mandamus, coram nobis and habeas corpus, directing a federal judge to conduct proceedings relating to a state inmate, Aaron Rabold, and release Rabold, this body indulges in an activity which is beyond the scope and competence of any grand jury.

We noted, however, that lurking within these pleadings is a document that is described as a petition for writ of habeas corpus filed on behalf of Aaron Rabold, a state inmate. (Doc. 1.) This habeas corpus petition was flawed in a number of

respects. It did not appear to comply with the requirements prescribed by law. See 28 U.S.C. §2254. Further, it is unclear whether this petition has been filed and approved by inmate Rabold himself, or rather was generated by others who claim to be acting on Rabold's behalf, but whose actions could harm Rabold by submitting a flawed habeas corpus petition in his name, an action which could bar future petitions by Rabold.

Taking all of these factors into consideration and acting out of an abundance of caution, in order to ensure that Mr. Rabold's rights are fully protected, we ordered rhe clerk to file the 9-page writ of habeas corpus that is purportedly filed on behalf of Aaron Rabold as a petition for writ of habeas corpus, assign this action to a district judge, and refer the case to the undersigned for further proceedings.

Pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), the district court is required to give to the petitioner notice regarding the effects of filing a § 2254 petition in light of the Antiterrorism Effective Death Penalty Act (AEDPA). AEDPA bars state prisoners from attacking their convictions through second or successive habeas corpus petitions except in very limited circumstances. *See* 28 U.S.C. § 2244(b).[1] AEDPA also imposes a one-year statute of limitations on petitions for a

---

[1] Pursuant to 28 U.S.C. § 2244(b)(3)(A), no second or successive habeas petition under § 2254 is allowed unless there are exceptional circumstances and the petitioner has obtained permission from the appropriate court of appeals. The

writ of habeas corpus. *See* 28 U.S.C. § 2244(d).[2] "Habeas petitioners must therefore be careful to avoid the twin procedural bars that AEDPA has created." *United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999). To avoid making successive claims, petitioners must marshal in one § 2254 petition all of the arguments they have to collaterally attack their convictions. *Id*. And in order to avoid being time barred, a petitioner must take care to file this one all-inclusive petition within the one-year statute of limitations. *Id*.

---

grounds upon which a claim presented in a second or successive habeas petition will be permitted are limited to two extremely rare circumstances: 1) the claim relies on a new rule of constitutional law that was previously unavailable and that the Supreme Court has made retroactive to cases on collateral review; or 2) the factual predicate for the new claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. Because these grounds are so limited, in most cases they will result in the denial of permission to file a second or successive § 2254 habeas petition, thereby barring the litigation of grounds that had not been presented in the first petition.

[2] 28 U.S.C. § 2244(d) sets forth the statute of limitations. That section sets forth when the statute of limitations begins to run and periods of time which are not counted toward the limitations period. The time that a federal habeas petition is pending is not excluded from the limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker,* 533 U.S. 167, 181-182 (2001)(holding that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) and thus § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition).

The Court will grant the petitioner an opportunity to decide whether to stand on the current petition or to withdraw the current petition so that the petitioner can file an all-inclusive petition.  If the petitioner elects to withdraw the current petition, the petitioner should be aware that any all-inclusive petition must be filed with the one-year statute of limitations.  The petitioner should carefully consider the one-year statute of limitations provision in 28 U.S.C. § 2244(d) in making this election to either stand on the current petition or to withdraw the current petition so that the petitioner may file an all-inclusive petition.  The filing of the instant petition and the thirty-day period to elect whether to stand on the petition or withdraw the petition does not extend or toll the statute of limitations.

AND NOW, this 8th day of April, 2016,  **IT IS ORDERED** that, on or before **April 29, 2016**,  the petitioner shall complete and file the enclosed election form, indicating an election to have the petition construed and ruled upon under 28 U.S.C. § 2254 or to withdraw the current petition.  In making this election, the petitioner should carefully consider all of the provisions of 28 U.S.C. § 2244.  If the petitioner fails to complete and file the attached election form, the petition will be ruled upon under 28 U.S.C. § 2254.

> */s/ Martin C. Carlson*
> Martin C. Carlson
> United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON RABOLD and | : | |
| DEBRA RABOLD, | : | CIVIL No. 3:15-CV-2435 |
| | : | |
| Petitioners | : | (Judge Conaboy) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| JUDGE PATTI-WORTHINGTON, | : | |
| et al., | : | |
| | : | |
| Respondents | : | |

## ELECTION FORM

I, _____, the petitioner in the above-captioned case, have read the accompanying order in its entirety and make the following election:

___ I choose to have the Court rule on my petition as filed under 28 U.S.C. § 2254.  I understand that I may be forever barred from presenting in federal court any claim not presented in my petition.  I further understand that by doing so I lose my ability to file a second or successive § 2254 petition absent permission by the Court of Appeals.

___ I choose to withdraw the petition so that I may file one all-inclusive petition under 28 U.S.C. § 2254 within the applicable statute of limitations.  I understand that claims in any future petition may be barred if the petition is not filed within the applicable statute of limitations.

YOUR CHOICE ON THIS FORM, AS WELL AS THE FAILURE TO MAKE A CHOICE, WILL BE BINDING ON YOU AS RELATED TO YOUR LITIGATION IN FEDERAL COURT OF ANY CLAIM RELATED TO THE CUSTODY YOU HAVE CHALLENGED.  READ CAREFULLY THE ORDER ACCOMPANYING THIS FORM NOTICE OF ELECTION.

I declare under penalty of perjury that the foregoing is true and correct.

_____     _____
(Signature)                              (Date)